653, 252 S. W. 543, the error in the charge would not be ground for reversal.

■ On the other point raised in appellant's motion, we note that when the jury retired and voted the first time they stood eleven to one for conviction. All twelve of the jurors testified on the hearing of the motion for new trial. Each of the eleven who voted guilty on the first ballot, testified that he made no mention in the jury room of the failure of appellant to testify. The twelfth juror, who voted not guilty, affirmed that he heard some one in the jury room refer to appellant's failure to testify, but could not say who it was. He admitted that he himself did make such reference while in the jury room, but claimed that he made it casually. We think this clearly brings this case within the general rule that this court must declare in favor of a proper exercise of the discretion of the trial court upon such hearing when there is a conflict in the testimony. The great weight of the testimony heard by the court is in line with the conclusion of the trial court that no improper reference was made in the jury room, and in line with our holding in our former opinion.

The motion for rehearing will be overruled.

**REPUBLIC LIFE INS. CO. v. PASTORE.**

No. 2892.

Court of Civil Appeals of Texas. El Paso.

Oct. 19, 1933.

Rehearing Denied Nov. 2, 1933.

Sanford & Sanford, of Waco, for appellant.

Fryer & Cunningham, of El Paso, for appellee.

WALTHALL, Justice.

We will designate the parties as plaintiff and defendant as in their pleadings and briefs.

Plaintiff, Pauline Pastore, a feme sole, in her individual capacity and as independent executrix of the estate of her deceased husband, Joe Pastore, brought this suit against defendant, Republic Life Insurance Company, a private life insurance corporation, incorporated under the laws of this state, to recover on a life insurance policy issued by the Two-Republics Life Insurance Company in favor of Joe Pastore on the 23d day of September, 1922, plaintiff being the beneficiary in said policy, the consideration for said policy being the sum of $112.31, paid annually for a period of ten consecutive years.

Thereafter the Two-Republics Life Insurance Company was taken over by the Mississippi Valley Life Insurance Company and all liabilities under said policy were assumed by said company.

Plaintiff then, in substance and at length, alleged by pleas and alternative pleas and trial amendment to her cause of action to the effect that on or about the 16th day of May, 1932, defendant, Republic Life Insurance Company, in consideration of the payment of premiums and other charges, reinsured Joe Pastore under said Two-Republics Life Insurance Company policy and thereby adopted said policy as its own, and that defendant assumed all liabilities under said policy, and that said Joe Pastore accepted said reinsurance and assumption of said liabilities, and that by reason of which defendant became obligated to pay the amount of said policy upon the death of said Joe Pastore; plaintiff alleged that Joe Pastore died on or about the 18th day of August, 1932; that up to and at the time of his death all premiums had been paid to the full end of the policy period, and all conditions and provisions of said policy had been complied with and performed; that plaintiff gave defendant due notice of the death of Joe Pastore and demanded payment of said policy, which defendant refused to pay. Plaintiff also sues for attorney's fees and the statutory penalty. Plaintiff in her alternative plea alleged that if she be mistaken in her statement that plaintiff assumed liability under said policy, then she alleges that in consideration of payment of $95.70 defendant insured the life of Joe Pastore in

the sum of $1,000 and that said contract was evidenced by correspondence advising Joe Pastore that he was a policyholder in appellant company.

Defendant answered by general denial, and by special answer to the effect that on May 18, 1932, it entered into a contract of reinsurance with the receiver of the Mississippi Valley Life Insurance Company under the terms stated in the answer; that defendant reinsured policy No. 8522 held by Joe Pastore in accordance with the terms of said reinsurance contract, stating said terms of said reinsurance contract; defendant denied that it had entered into any contract of reinsurance of said policy with Joe Pastore or had assumed any liability to Joe Pastore of any insurance on said policy; that a mistake was made in receiving $95.70 from Joe Pastore, and that thereafter and before his death said mistake was corrected, and defendant offered to refund the alleged overpayment of $88.45 and tendered same to plaintiff in its answer and denied any liability to defendant other than the return to plaintiff of the above amount.

The case was tried to the court without a jury. The court made and filed findings of fact and conclusions of law, and based thereon entered judgment.

The court's findings and conclusions briefly reflect the issues tendered by the pleadings. They are as follows:

### "Findings of Fact.

"On the 23rd day of September, 1922, the Two Republics Life Insurance Company issued to Joe Pastore, an endowment policy in the sum of One Thousand Dollars ($1,000.00); the annual premium of One Hundred and Twelve dollars and thirty-one cents ($112.31). These annual premiums were paid in accordance with the provisions of the policy up to and including the tenth year thereof. Joe Pastore died on the 15th day of August, 1932. The plaintiff, Pauline Pastore, is the beneficiary named in this policy.

"While this policy was in full force and effect, the Mississippi Valley Life Insurance Company assumed liability thereon and took over the business of the Two Republics Life Insurance Company. The Mississippi Valley Life Insurance Company being in financial difficulties, the Circuit Court of the City of St. Louis, appointed Receivers for its assets, and Alvin S. Keys was likewise appointed Receiver of its assets in the state of Illinois by the Circuit Court of Sangamon County, Illinois. On the 18th day of May, 1932, a contract was entered into between defendant, on one part, and the two sets of Receivers, acting under authority of the Circuit Court of Sangamon County, Illinois, on the other, the four paragraphs of said agreement deemed pertinent, are here set out:

"1. Party of the first part agrees to assume as herein set out liability to insured and/or beneficiary on all policies known as ordinary life policies from and after noon central standard time May 16, 1932, issued by the Two Republics Life Insurance Company or National Life Insurance Company of the Southwest and assumed by said Mississippi Valley Life Insurance Company, on which there are at said time no claims by death or disability and on which there is no default in premium prior to April 1, 1932, and on all ordinary life policies issued by said Mississippi Valley Life Insurance Company direct on which there are at said time no claims by death or disability and on which there is no default in premium prior to April 1, 1932.

"2. Party of the first part shall be subrogated to the claims under all policies against the estate of Mississippi Valley Life Insurance Company on which the policy holders accept this assumption of insurance and may file a claim therefor in the receivership in the Circuit Court of Sangamon County, Illinois, transferred from the Circuit Court of Madison County, Illinois, and in the Circuit Court of the City of St. Louis, Missouri, and shall apply any sums received under such claims to the benefit of any such policy holder in the form of reduction of the amount of lien hereinafter provided for against such policies.

"3. As part of the consideration for this contract there shall be established and placed against each policy on which liability is assumed hereunder by party of the first part, a lien equal to 100% of the legal reserve thereon on the basis established and carried on the books and records of said Mississippi Valley Life Insurance Company, on the date to which premium has been paid to said Mississippi Valley Life Insurance Company, plus mortality rate from May 16, 1932, to date such premium is paid, such lien to bear interest at the rate of 6% per annum compounded annually. Both lien and interest thereon shall be treated as a policy loan and shall be dedu̇cted from any payment made by party of the first part and from any settlement thereunder or from the value used to purchase any paid-up or continued insurance.

"4. Party of the first part agrees that it will offer to the holder of any such policy term insurance at net cost to the extent of such 'lien so that each such policy holder may be (by) carrying term insurance make available the full face of said policy in case of death.'

"Printed copies of this contract were sent to the various policy holders of the Mississippi Valley Life Insurance Company, and in due time, Joe Pastore received a copy thereof.

"Shortly after the consummation of this contract a certificate signed by the Secretary and Vice-President of the defendant was sent to Joe Pastore, reciting that the defendant

had assumed liability under policy T-8522, which was the policy number of the policy held by the said Pastore. The assumption being recited to be in accordance with the contract aforesaid.

"By circular letter dated June 4, 1932, addressed to Joe Pastore, the defendant apprised him that the premium on his policy was due June 15th, 1932, for the proportionate amount of an annual premium from May 16th, 1932, to the next anniversary date of his policy. The amount of premium demanded was $95.70. This circular letter advised him that to continue his policy in force that the premium in that amount must be paid to the Republic Life Insurance Company on or before June 15th, 1932. The circular letter refers to the contract aforesaid; in speaking of reinsurance:

" 'One plan will likely be that you will be allowed to apply for this low price insurance for the face amount of your present policy. Another plan will probably be to allow you to apply for low price insurance to the extent of the lien against your present policy, and you may continue to pay premiums on your present policy and thus have protection for the full face amount of your present policy.'

"On June 14th, 1932, through his attorney, Pastore remitted the sum of $95.70 to the defendant.

"On June 15th, the Secretary of the defendant acknowledged receipt of this sum of $95.70 and apprised Pastore that the next premium date would be September 23, 1932, and that he might continue to pay on the same plan, annually, semi-annually, or quarterly, as he had done previously. At the time the payment was so received and accepted, the officers of the company had notice that Pastore had paid all premiums necessary to mature his policy.

"On June 27, 1932, E. H. Banta, the Executive Vice-President of the defendant, wrote Pastore that the notice of the $95.70 premium was an error and that the notice should have been for $7.25, the latter sum being the actual mortality rate from the 16th of May, 1932, to the next premium date. Among other things the letter stated, 'We have today applied $7.25 to your proportionate mortality rate, leaving a balance to your credit of $88.45. This amount, subject to your approval, has been applied as an advance premium, to be deducted from your next premium amount when due.' This letter was received by Pastore.

"The circular letter of June 4th, hereinbefore referred to, taken in connection with the prior dealings of the parties, and the surrounding circumstances, reasonably conveyed to Pastore that if he would pay said sum to the defendant he would have protection for the full face amount of his present policy.

That his transmission or his remittance of $95.70 to the defendant and the acceptance thereof by them constituted a contract for such protection in accordance with the terms of the policy theretofore issued by the Two Republics Life Insurance Company.

"Proof of death having been made in accordance with said policy, and the defendant having failed and refused to pay the amount due within the time required by law, plaintiff is therefore entitled to recover the twelve per cent. penalty and reasonable attorneys fees. A reasonable attorneys fee would be the sum of $333.33⅓."

"Supplemental Finding.

"On June 22, 1932, the defendant mailed to the various former policy holders in the Mississippi Valley Life Insurance Company, and to Jose Pastore, a circular letter, that they had mailed out numerous circulars to them and where policy holders had received printed circulars which did not actually apply to their particular contracts, to disregard same.

"On motion of the defendant at the time of its motion for a new trial herein, the court makes the following additional findings of fact:

"That a portion of the circular letter of June 4, 1932, a portion of which is copied in the findings of fact made by the court, is as follows, to-wit:

"(1) 'In the meantime this Company is rapidly completing plans whereby it will offer to each policyholder who accepts reinsurance, low-price insurance to bring your protection back to the original amount of your policy. One plan will likely be that you will be allowed to apply for this low-price insurance for the face amount of your present policy. Another plan will probably be to allow you to apply for low-price insurance to the extent of the lien against your present policy, and you may continue to pay premiums on your present policy and thus have protection for the full face amount of your present policy. Should you accept either of the options the Republic Life Insurance Company would file all necessary claims for your equity with the Receivers of the Mississippi Valley Life Insurance Company without cost to you. Just as soon as possible you will be furnished with full details.

" 'The payment of your premium at this time will in no way prohibit your acceptance of either of the above plans at a later date, and in event you accept either of the above plans, proper credit on the low-price premium will be allowed for any premium that you may now pay. Please bear in mind that Republic Life Insurance Company assumes no liability whatsoever under your policy unless we have your acceptance and premium on or before June 15, 1932.'

"(2) That the amount of the lien against

Policy No. 8522, under the terms of the reinsurance contract between the Republic Life Insurance Company and the Receivers of the Mississippi Valley Life Insurance Company, of date May 18, 1932, would be $1,000.00.

"On motion of the plaintiff, the court makes this further finding of fact:

"That the defendant filed with the Receivers of the Mississippi Valley Life Insurance Company, claim for and on behalf of the plaintiff for her proportionate part of the assets accruing to the plaintiff under Policy No. 8522 in the Receivership of the Mississippi Valley Life Insurance Company."

### "Conclusions of Law.

"In order to constitute a contract it is only necessary that the parties thereto express to each other their assent thereto. It is this exchange of assent that is the gist and essence of a contract or agreement.

"The letter of June 4th, reasonably conveyed to Joe Pastore that he would have full protection to the extent of the face value of the policy if he paid the sum of $95.70 to the defendant, and having accepted said proposition by the remittance thereof to the defendant, and defendant with notice of the facts, having accepted same, there was a policy of insurance in substantial terms the same as the old policy, #8522."

On the above findings and conclusions, the court entered judgment for plaintiff in the sum of $1,000, together with 12 per cent. as penalty under the statute and $333.33 as attorney's fee, and interest from September 6, 1932, to date of judgment ($32.50); the court later entered an order modifying the former judgment by which it was provided that upon payment of the judgment by defendant all right and title had by plaintiff against the Mississippi Valley Life Insurance Company or the receivers thereof by reason of the said policy issued by the Two-Republics Life Insurance Company to Joe Pastore, be vested in defendant and that defendant be subrogated to any and all rights asserted by plaintiff against the estate of the Mississippi Valley Life Insurance Company in the hands of its receivers.

On the overruling of defendant's motion for a new trial, it duly perfected this appeal.

### Opinion.

Defendant discusses this appeal under four propositions.

No objection is made to the trial court's findings of fact. The error assigned under the first proposition is to the court's conclusion, under the facts found, that defendant's offer reasonably conveyed to Pastore a present acceptable offer of insurance to the extent of the face value of his policy upon payment of the stated consideration. Plaintiff's contention under this proposition is, in effect, that its offer for a stated consideration to assume liability on Pastore's policy subject to the terms of a certain reinsurance contract of which Pastore had knowledge, which offer states that if accepted defendant would in the future make Pastore an offer of insurance. The trial court concluded that the letter of June 4th, stated in the findings of fact, reasonably conveyed to Pastore that he would have full protection to the extent of the full value of his policy if he paid the sum of $95.70 to defendant, and that having accepted said proposition by the remittance thereof to defendant, and defendant, with notice of the facts having accepted same, there was a policy of insurance in substantial terms the same as the old policy, No. 8522.

Now defendant's answer recites that it entered into a contract of reinsurance with the receivers of the Mississippi Valley Life Insurance Company under the terms of which defendant agreed to reinsure the policyholders, including plaintiff, upon the terms of its contract with said receivers.

Plaintiff's suit is not based on the contract of reinsurance between the receivers of the Mississippi Valley Life Insurance Company and defendant.

Defendant's contract with the receivers to reinsure the policyholders of the Mississippi Valley Life Insurance Company is totally distinct and unconnected with the contract between the receivers and the reinsurer. It is not our purpose to discuss the whole subject of reinsurance. We might say, however, if the contract of reinsurance is made directly for the benefit of the policyholders of the Mississippi Valley Life Insurance Company or such reinsurance assumes and agrees to perform that company's contract of insurance, as seems to be the question presented here, the reinsurer, defendant, by reason of such assumption or agreement, becomes directly liable to such policyholder. That is, by reason of such assumption or agreement, on the assent of such policyholder, the liability of the reinsurer is substituted for that of the original insurer.

Defendant submits, however, that its offer to reinsure payment of plaintiff's policy does not show a concluded agreement by reason of some matters referred to in its circular letter of June 4, 1932, to the effect that defendant was then completing plans whereby it will offer policyholders accepting reinsurance a certain class of insurance, and, as soon as possible, policyholders would be furnished with full details. It seems to us that such matters could have no application to plaintiff's policy where the premiums had all been paid to the end of the full ten-year period, and less than three months remained when the policy would mature. The plans suggested to be offered to policyholders, when offered, would be optional with the policyholder.

We concur in plaintiff's counterproposition, and the trial court's conclusion, that the defendant's letter of June 4th, reasonably conveyed to Pastore that he would have full protection to the extent of the face value of the policy if he paid to defendant the sum of $95.70 by the time indicated, and the payment of such sum as suggested was an acceptance by plaintiff of defendant's proposition, and such proposition and acceptance and payment constituted an enforceable contract of insurance. There is nothing in the record as we view it, in the nature of a condition precedent to the making of the contract. A simple proposition, acceptance, and performance on the part of plaintiff.

Appellee's cross-assignment has been considered. We regard it as without merit and calling for no discussion. It is therefore overruled.

Finding no reversible error, the case is affirmed.